# United States District Court
## Southern District of Florida
### MIAMI DIVISION

UNITED STATES OF AMERICA

v.

JASMINE REMBERT

JUDGMENT IN A CRIMINAL CASE

Case Number - 1:11-60047-CR-UNGARO-

USM Number: 95110-004

Counsel For Defendant: Allen Stewart Kaufman, Esq.
Counsel For The United States: Marc Anton, AUSA
Court Reporter: William Romanishin

The defendant pleaded guilty to Count(s) One and Two of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| Title 18 USC 1349 | Conspiracy to commit bank fraud | 12/08 | One |
| Title 18 USC 371 | Conspiracy to commit identity theft and access device fraud | 12/08 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) Number of Count(s) and is or are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
9/30/2011

*/s/ Ursula Ungaro*
URSULA UNGARO
United States District Judge

September 30, 2011

DEFENDANT: JASMINE REMBERT
CASE NUMBER: 1:11-60047-CR-UNGARO-

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY(63) MONTHS as to Count One and SIXTY (60) MONTHS as to Count Two all to be served CONCURRENTLY.**

The Court makes the following recommendations to the Bureau of Prisons:

1. S Florida facility
2. 500 hour drug program

The Defendant shall surrender to the United States Marshal for this district on OCTOBER 28, 2011 at **2:00 P.M.** or to her designated facility.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: JASMINE REMBERT
CASE NUMBER: 1:11-60047-CR-UNGARO-

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to counts One and Two to be served CONCURRENTLY.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

Page 4 of 6

DEFENDANT: JASMINE REMBERT
CASE NUMBER: 1:11-60047-CR-UNGARO-

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Substance Abuse Treatment** - The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

DEFENDANT: JASMINE REMBERT
CASE NUMBER: 1:11-60047-CR-UNGARO-

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $ 200.00 | $ | $408,082.18 |

Restitution with Imprisonment -
It is further ordered that the defendant shall pay restitution in the amount of $408,082.18. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Restitution is owed jointly and severally w/ Demarcus Hough and Brandi Johnson**

Case 0:11-cr-60047-UU   Document 266   Entered on FLSD Docket 09/30/2011   Page 6 of 7
USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

Page 6 of 6

DEFENDANT: JASMINE REMBERT
CASE NUMBER: 1:11-60047-CR-UNGARO-

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

 A. Lump sum payment of $ due immediately, balance due

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The assessment/fine/restitution is payable to the **CLERK, UNITED STATES COURTS** and is to be addressed to:

 U.S. CLERK'S OFFICE
 ATTN: FINANCIAL SECTION
 400 NORTH MIAMI AVENUE, ROOM 8N09
 MIAMI, FLORIDA 33128-7716

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**SEE ATTACHED VICTIMS LIST**

**Total Restitution**

**Wells Fargo/Wachovia - $34,705.79**
NA-Fraud Investigations Department #2038
Denver CO 80291-2038

**Capital One - $110,559.94**
PO Box 71083
Charlotte, NC 28272

**State Farm Bank - $59,231.00**
3 State Farm Plaza N-3
Bloomington, IL 61791
Investigations Case # 1549798

**American Express - $18,045.00**
Attention Arlene Jacobs
PO Box 26835
Fort Lauderdale, FL 33320
(954) 503-0415

**Citibank - $34,721.60**
ICO Michael Scott
8750 Doral Boulevard, 7th Floor
Doral, FL 33178

**Bank of America - $21,350.00**
Security Recovery Support
800 Market Street
MO1-800-06-15
St. Louis, MO 63102

**Suncoast Schools Credit Union - $112,043.15**
Suncoast Schools Credit Union
PO Box 11904
Tampa, FL 33680

**Navy Federal Credit Union - $17,425.70**
Security Department, Financial Crimes and Risk
820 Follin Lane
Vienna, VA 22180

**Total Loss Amount $408,082.18**